IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Edward L. J. Washington, | ) | Case No.: 4:24-cv-3591-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| Warden Kenneth Nelson, Sgt. Hines, | ) | |
| Sgt. Casanos, Capt. Spikes, Bryan | ) | |
| Sterling, Director of SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 26), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning a motion to dismiss. (DE 19.)[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Plaintiff Edward L. J. Washington ("Plaintiff" or "Washington"), proceeding *pro se*, sued Defendants Warden Kenneth Nelson, Sgt. Hines ("Hines"), Sgt. Casanos

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

("Casanos"), Capt. Spikes ("Spikes"), Bryan Sterling, Director of SCDC (collectively, "Defendants"), alleging violations of his constitutional rights.

According to the Amended Complaint, on October 28, 2022, while incarcerated at Broad River Correctional Institution, Plaintiff was allegedly assaulted by Spikes, Casanos, and Hines. (DE 15.) Plaintiff claims that Hines and Casanos restrained his hands behind his back while Spikes punched him in the face. He further alleges that he was then slammed to the ground, restrained with excessive force—causing multiple lacerations to his wrists—and subsequently dragged to the cell door, where his arms were pulled through the food hatch using a leash, resulting in additional lacerations. Plaintiff asserts he was then placed in a controlled cell without medical treatment or access to a shower for about three weeks. (DE 15 at 5–6.)

Because of the alleged incident, Plaintiff claims he suffered a broken nose and lacerations to both wrists and his left arm. He seeks $40,000 in damages. (*Id.* at 6.)

Plaintiff originally filed this action in the Court of Common Pleas for Richland County, South Carolina, and Defendants subsequently removed the case to this Court. Currently before the Court is Defendants' Motion to Dismiss. (DE 19.) In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the potential consequences of failing to respond to the motion. Plaintiff timely filed a Response in opposition. (DE 23.)

### B. Report and Recommendation

On February 5, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's case be dismissed for failure to exhaust administrative remedies,

under the Prison Litigation Reform Act (PLRA). (DE 26.) The PLRA mandates that a prisoner must exhaust all available administrative remedies before bringing an action under 42 U.S.C. § 1983 concerning the conditions of confinement. Specifically, the statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

As noted in the Report, Plaintiff acknowledged in his amended complaint that he began the grievance process by filing a Step 1 grievance. He stated:

> I filed Step 1 of the grievance process. Once I received the warden's decision, I requested a Step 2 grievance (appeal), but I did not receive one until weeks after the five-day deadline. They kept telling me they didn't have any.

(DE 15 at 8.) The Magistrate Judge concluded that, "[d]espite receiving the form, albeit late, Plaintiff did not attempt to file his Step 2 grievance to satisfy his exhaustion requirement." (DE 26 at 7.) Plaintiff did not object to the Report and Recommendation.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Because Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 26) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants' motion to dismiss (DE 19) is granted and Plaintiff's amended complaint (DE 15) is dismissed.

**IT IS SO ORDERED.**

Florence, South Carolina
May 6, 2025

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.